Proceed, uh, Mr. Canarium. Canarium, yes, your honor. Thank you very much. May it please the court, good morning. The court is moving from FOIA to insurance policies and tax sales. I'd like to start with what and how tax sales work in Missouri. Well, suppose, suppose we know the basics of that. Okay, good. Okay. Because what I want to then focus on is specifically what, how do I know? We know, we all know now what tax sales are in Missouri. What I want to focus on is 140.250, which is what we are concerned about here today. We are not talking about the first three auctions. That's not where this sale took place. What we are talking about is the post-third sale process, which is completely different  here. Under the first three auctions that take place, we have what is truly a public auction, where everybody troops down to Clayton and- At that council, they were online for years and they are authorized to be online for the statute, correct? Yes, they are, absolutely. Yeah, yeah. So everybody doesn't troop there anymore. Now they do seal bids in a box. Well, and what- Before we get into that detail, more important is the statute. Yeah. How do you deal with the subsection of the statute that says that subsection, this is, I'm referring to 140.984.5, and it says that subsection 4 of section 14.250, it's the first sentence of subsection 5, is a delinquent land tax auction. That has to be what the introductory phrase means. So by law in Missouri, isn't a subsection 4 of section 140.250, at least in statutory law, a delinquent land tax auction? I would like, I have two responses to that, Your Honor. First of all, 984 specifically deals with land authorities that exist in Missouri. Correct, correct. It's passed by the legislature. Right. St. Louis County- And put it in the same place with the other. Go ahead. And refer to it. And St. Louis County does not have a land authority agency. I get that. Yeah. Yeah. Okay. They've got something completely different. Second of all, nobody is disputing that what took place here could potentially be an auction. Okay. Okay. What we are disputing is that what took place is a public auction, which is what this does not say. This just says auction. And let's talk about auctions, because, and we're going to talk about it in a minute in the context of government sealed bids and all that, because what the statute requires is not that there is a public outcry. What the statute requires- Counsel, it's on the internet. It's the most public possible. For the post-third sale. Yeah, it's on the internet. What is- It's super public. Because what is required in a public auction is a public outcry and competitive bidding. And to say that just because it's on the internet, Amazon is on the internet, and you can buy things on the internet, Amazon is not an auction. What takes place in a post-third sale is not an auction. And specifically, because we're talking about why we are here is a summary judgment motion. Which means that you have to take into account what my guy said, and also what the statute describes, as what exactly happens here. Under 140.250, what happens here, and what my guy describes as happening, is that he goes online, he sees the property up for sale. You then find out in the online, it actually directs you to do this, go find out how much the taxes are. He goes and finds out how much the taxes are, he sends him a check, and by statute, they then have to send him a deed. No, Counsel. Counsel, go very slowly here. He fills out this form that has the term bid 18 or 19 times on it. It does? You know the form we're talking about. I do? Yeah. So he fills out that form, it goes to them, and they send it to some kind of committee, and some kind of committee looks at it and says, oh, we don't know. Of course, here they took it in a couple weeks, but they don't have to take it in a couple weeks. They can wait forever. Five years, I think, is the max they can wait. So they can wait five years after your person does it, and you say that is not public? I think what 140.250.4 specifically provides is a purchaser at any sale, subject to the third offering, which is our post-third sale, we're in 140.250, shall be entitled to the immediate issuance and delivery of a purchase deed. That means the redemption procedures don't apply that apply to the first three sales. You're aware of the redemption that apply on the first three? I am. Yeah. And that says redemption does not apply. It does not. But the immediate can be up to five years. You agree? No, because... So it can be up to five years by the statutes. Well, what the statute requires, though, and what practically occurred here, and this is important, what practically occurred here is there was an immediate issuance of a deed. Well, two weeks, right? Yeah. Yeah. Proceed. In government terms, that's immediate. Yeah, proceed. I agree. Yeah. And as a result, keep in mind that, and let's back up a second and talk about what the process here and what we're talking about is that this is a guy who's filling out an insurance application. And the insurance application says, did you have, or did you purchase this through a public auction? Now, what he has to compare it to is the first through third sales, which is clearly a public auction. And if it had been bought in that process, we wouldn't be here. Instead, what he has done instead is he filled out the form, sent him a check, got a deed with relative speed. As a result, what he has to compare it to is that process, and at best, there is an ambiguity in the insurance policy in terms of whether this constitute a public auction. Now, I don't think either of your briefs had the word foreclosure in it. It did not. I don't believe either did. I did a word search once upon a time, can't remember what I searched. But I don't think either of your briefs had the word foreclosure. But you know what the question is, was the property purchased at public auction as a short sale or while in foreclosure? Council of Missouri practice calls this tax foreclosure proceedings, all this stuff. Are you aware of that? I am generally aware that that is a term that is used. But foreclosure has not been raised at any time. It has not by either the district court or any of the parties. But does it inform the word public auction? Because the words are all there together. You know what I'm saying. I do. And no, it does not. Because again, you're asking what my guy is seeing on an application and whether there is an ambiguity here. Foreclosure sales, as that term is commonly used, and since none of these terms are defined in an insurance policy, that's what we have to talk about. Foreclosure sales in Missouri are actually handled quite differently. There are actually foreclosure sales almost daily down in Clayton. Well, Council, these are tax foreclosure sales. The taxes are a lien and it's being sold for the lien. Go ahead. That is true. But you're talking about how these terms are commonly used because that is what is required under the terms of the insurance policies and what you have to look at. And a foreclosure here is something that would be a bank foreclosure or a mortgage foreclosure. Well, it says while in foreclosure. Do you think it's in a tax foreclosure all these years? And that is not something that that term is commonly used for in terms of an insurance policy, which is what we're required to look at. It just isn't. I mean, that's not what a common person understands as a foreclosure when they read an insurance policy, particularly when this term is not defined. Okay? Coming back to public auction, I'd also like to talk about a little bit what the Missouri Supreme Court has defined a public auction as. What the Missouri Supreme Court has defined a public auction as is having two fundamental requirements. And this was in ABC Liquidators. You have to have a public outcry. And how they describe it is having an actual auctioneer. We can argue whether that's changed because this was in 1959 and we obviously didn't have the internet then. But what is most important about that is, is that there was competitive bidding. And the Missouri Supreme Court found that was required, or at least the potential for competitive bidding to take place in a public auction. That does not happen in a post-third sale. It does not and never could. Which is why... Wait, wait, wait. It can happen in a post-third. No. Yes. There is no provision for my guy to know what another bid that was entered into for that property would be. What about the Court of Appeals cases that say one bid auctions are an auction? Not disputing that, okay? But the point is, is that that is similar to what a government sealed bid would be. To follow up on that, does a one bid auction, doesn't that presuppose that the one bidder, that the other bidders know what that bid is? Exactly. Exactly. And that's the whole point. And that's what the Missouri Supreme Court describes as a public auction. If they don't know what the other bids are, and in the post-third sale process, you could not, not that there ever would be, but let's assume that in some theoretical world there is, you would never know what that other bid is. And as a result, what the Missouri Supreme Court did say is, the whole idea of a public auction is to maximize value. The only way you can maximize value, and this is the Supreme Court talking, is that you have to have competitive bidding. You do not have competitive bidding in the post-third sale process, which you haven't said. Counsel, now how do you know that? Because that's how the statute describes what happened. But you can say that's what happened in this case. That's what happened, that's what we got to describe, and that's what happened in every case. No, counsel, it's not true. If you read the statutes, it can take up to five years. It says they don't have to have them but every five years, clearly in the statute. So they can sit on that for five years. But the people who are bidding do not know what the other bids are. It's not like St. Louis County goes back and says, hey, I got this other bid, what do you want to do? Do you want to raise your bid? That's not what happens, and that's not what happens by statute. And that is what was required by a public auction because this court in Ramsey, if we're talking about just auctions, what this court said in Ramsey is that if you've got something akin to government-sealed bids and a government auction, that's a private auction as distinguished from a public auction, which is required here. Because there is no competitive bidding, because there is no knowledge of what these other bids are, and there never can be, this by definition must be a public auction. Is the focus here on public, auction, or both? Because when you're talking, so if you go back to the cases, and there's some really old cases from other states, it goes back, you know, hundreds of years, but they seem to draw a distinction between auction and sealed bid, which would suggest that the auction part of it is actually what's driving your argument. But I heard you say, actually, this is not public. And you heard Judge Benton say, well, yeah, it is public, it's on the Internet. And so what's really driving the analysis here? What I'd say is, because what the definition of public is required, and this is what the Missouri Supreme Court said, what's the definition of a public auction is competitive bidding. That is what is required. Now here's the thing, practically does an auction take place in these post-third sales? It does not. And everybody knows that. But theoretically, could the St. Louis County receive two bids at the same time for a property? Sure, theoretically they could. And as a result, theoretically, could this be considered a private auction? Theoretically, sure. The problem is, there is no competitive bidding. If there is no competitive bidding, it can't be a public auction. That's what all the cases say. And that's what the definitions that we have and all the definitions of public auction say. As a result, this cannot be considered, especially when we consider the term is not defined in the policy. At best, for the insurance company, it's ambiguous. That is a reasonable construction of the term. That's all that's required to find that a public auction did not take place here. And as a result, my guy should have insurance. Good morning, your honors. May it please the court. Nationwide was properly granted summary judgment in this case. This is a public auction under the most plain, ordinary, reasonable definition and meaning of the phrase public auction. Well, the county didn't think so because there's the instructions that say the general public is invited to submit bids. And then it goes on to say the bidding process for post-third sale properties does not involve a public auction. Doesn't that by itself? I mean, if I read that, and I'm a judge, I might say, well, gosh, the county doesn't think it's a public auction. So I've got this question on the insurance form. I'm going to check no because I have something in writing that says this is not a public auction. Your honor, I have not read the instructions and the bid. Well, you agree we can take judicial notice of something that's been on your website for years. I know the latest revision's in March, but as best I can tell, it's been on there for years. You agree we can take judicial notice of this? Sure, your honor, yes. Okay. And Judge Strauss read it before I got a chance to read it, but that's good. But if we can take judicial notice of it, this surely means it's ambiguous, right? I disagree, your honor, because- It says it is not a public auction, but utilizes random, whatever that means, random because usually it's one. We all know that. Bid exclusively. What about that? Well, your honor, the evidence in the record before the district court made clear that we're reading an insurance policy application that lists public auction, short sale, and while in foreclosure together in the same application question. So any reasonable person who purchases a delinquent land tax property knows that it is not a conventional purchase. I'm buying a house right now. The seller considered a lot of different things. So that's going to bring up a question, why not ask, was this a conventional sale? Like ask it the opposite way instead of saying, it's not a foreclosure, doesn't look like a short sale because we know what those things are. Maybe it has elements of that, don't get me wrong. And then of course now you have the piece of paper or the instructions to say it's not a public auction either. Well, I think it is a public auction. It's St. Louis County's way of communicating you don't have to arrive at the courthouse on the fourth Monday in August. This is a continuation and extension of the third offering, which they are permitted to do. I don't think it's ambiguous to request an insured answer truthfully as a reasonable lay person would because the reasonable lay person definition of the phrase public auction is a public sale of property to the highest bidder. Here that is exactly what we have. And Mr. Knerium and Mr. Richardson have argued both in the lower court as well as in their executive bidding or that there was not more than one bid available, but there's no evidence in the record. The only evidence in the record is that Mr. Richardson submitted the highest bid and Mr. Richardson won the property because he submitted the highest bid. Counsel, I don't mean to harp on this. Look, in the plain ordinary meaning, instinctively, as somebody who's been a judge for nearly 15 years, I say this is a public auction. But I've got to be honest with you. If I had that instruction sheet and that's the thing I consulted in answering your question, I would have answered the exact same way as the insured. Exactly the same way. I would have relied on that. And I just wonder, I consider myself a reasonable person with legal training, you may disagree, but if I answered the same way, I would have had my insurance canceled. Well, and that's why insurance companies ask the question. And then in the policy itself, it says, please let us know immediately if there's any change in occupancy, change in ownership or title. And that's because of the risks that are associated with not having a clear title that you get in the midst of a tax foreclosure. And not every, this application is for this homeowner's policy application generally. St. Louis County does not define public auction. Well, counsel, now, that's not quite true. Because as you know, you have the two affidavits from Ms. Johnson who runs the program. Correct. And you notice in the first affidavit, she says it's a public auction. Correct. You're probably very aware in the second one, she says it's not a one-day public auction. I know she puts the one day in there. But you may know that even the one in August doesn't have to be on one day. We won't go there, but trust me. So even if they call Ms. Johnson that runs the program and says, is this a one-day public auction, she'd say, no, it's an ongoing public bidding process where bids are continuously solicited and processed. So doesn't her very statement by the person that runs the program prove this is not a public auction? No, Your Honor. I disagree. Like Judge Sippel found in the lower court, it's not. Her second affidavit doesn't contradict that it's a public auction. It's just clarifying that it does not occur on one day like the first through third sales. But as Your Honors may know, Chapter 140 refers to the terms auction, sale, foreclosure, and Meaning the legislature clearly intended those words to mean the same thing. I mean, auction and sale are used in the same section. In interpreting insurance policy, Missouri has the common understanding rule. Correct. And under the common understanding rule, don't you think all this stuff we're talking about, especially the web page, is common understanding? Well, Your Honor, the common understanding is one a reasonable layperson would understand generally. There is no evidence in the record that Mr. Richardson relied or reviewed upon instructions. There is evidence in the record that he filled out the bid form, which notifies prospective bidders that they can submit a bid. It has a minimum requirement for the bid. And then it notifies that the highest bid will be awarded the property. So in this situation, there's no evidence that Mr. Richardson read the instructions, relied upon them in answering the questions. The evidence before this court is that he submitted the bid form and he had the highest bid and he won the property because he had the highest bid. So again, there's just nothing in the record before the court that indicates he in any way thought this was a private, I mean, yes, he thinks it's not a public auction, but what he thinks and what he understood he was doing does not have any bearing whatsoever on whether the phrase is ambiguous or whether there's a genuine dispute of fact. It just comes down to the plain ordinary meaning of the phrase public auction as per the Missouri courts. So you agree that public auction involves competitive bidding? That is the potential for competitive bidding. So how do we know from the statute whether there was competitive bidding here or not? Mr. Richardson's counsel says there's not competitive bidding, you say there is. How do we know from the statute whether there was or not? Well from the statute, the collector of revenue for whichever county is conducting a post-third sale has discretion when to advertise and offer each property. It's our position and we believe this is just a continuation of the third offering. So the bid form makes clear that only the highest bidder will win the property and Mr. Richardson and Ms. Johnson- But for that to be true, wouldn't the bidder have to know what other bids are? Well there's no evidence that he didn't know if there were any other bids and hypothetically speaking there's no evidence of this one way or the other. Well he knows what an opening bid has to be. Correct. That's crystal clear on several of the instructions. Correct. He knows what at least the minimum bid requirement is. But what was to stop Mr. Richardson or any person attempting to purchase a property that is in a tax foreclosure from calling the collector and saying, hey I really want to purchase this property. Do you have any pending bids on this property? Well that's outside the statute or procedure. You're supposing extra statutory procedures there, aren't you? I don't- They call up and ask what the bid is? Well they have that chance. I mean the statute is clear that it can remain open for up to five years. So if they only get one bid and they- But if it's a public auction, why would you have to call and find out? Wouldn't that be publicly available? Well the list of properties is publicly available. No, I'm talking about the current high bid. The current high bid can be known and publicly made available, but it's the same situation- With a public auction it would be publicly available. Well your honor, it's our position it is because the list is made available to the public. Now there is a case, the Bruner v. Stevenson case in Missouri. Yes, it's very, very, very old from 1934, but the case makes clear that other people have to be an earshot and one bid doesn't invalidate. So if Mr. Richardson had hypothetically went up to the courthouse or called the county collector's office and said, I want to place a bid, are there any bids, and they say no and he says, okay, now I'm going to go and I'm going to submit my bid, but then it's public because all he had to do was call- Well counsel, the call, I've been trying to read it here on the bench, is not in Ms. Johnson's affidavit, is it? It is not. But as Judge Sippel held in the lower court, it's the potential for competitive bidding and the potential for other bids- Judge Sippel didn't mention any call procedure, did he? I'm trying to remember all parts of his award. No, your honor- He didn't, I'm pretty sure. No, your honor, and I'm just using a hypothetical as Mr. Richardson is saying there were no other bids. Well, there's no evidence of no other bids. Suppose that all of this happened, couldn't it be the case that he would have called, I mean this didn't happen, so we're doing a counterfactual, but isn't it possibly calls up and this woman answers the phone or somebody else answers the phone, no, we don't tell, we don't tell what other bids are in. That would be perfectly permissible under the statute as well, correct? Right, they don't have to, there's nothing in the statute requiring them or in the instructions or anything requiring them to disclose whether there is a bid and how much that other bid is over the phone. Not that I saw, correct, yes. So I wanted to ask you too, the other thing that may inform this, and I'm wondering about this, is if you go back about 100 years, this was a really hot topic in courts. So we have a 1948 Connecticut case, we have a 1938 Washington case, I guess there was a lot of litigation over public auctions back then. And they actually, this was much to my surprise, but they distinguished between sealed bids, where people don't know the bids, and auctions. And they say sealed bids are different than auctions, they're not called sealed bid auctions, they're called sealed bid sales. And so I understand, again, we're talking hypothetical here, but isn't it reasonable in light of that for, suppose that he or his lawyer looked these cases up to say, well actually this isn't a public auction. And there's case law, I realize it's from other states, but a lot of it saying sealed bids are different. Well, I would say that sealed bids would not necessarily mean that something is not a public auction in Missouri, because even the old Missouri cases, which there are several that analyze whether something is public or private sale, make clear that for it to be a public auction, all it is is the public sale of property to the highest bidder that has the potential for other competitive bidding to reach the highest price. And here, all this is ordinary, plain, meaning that a person who there's no evidence, read instructions or anything else, they just submit a form that says, if you submit the highest bid, we will award you the property. So it is Nationwide's position that the district court was correcting Granting Summary Judgment. There's no question that anything's material. This is a public auction because the list is available to the general public. The statute does permit and authorize the county collector to offer anything after the third offering, if it's not sold, to offer and advertise as often as they want at their discretion. And that is what this is. And there's no evidence that Mr. Richardson had the only bid or that there was no potential for competitive bidding. All the evidence that was before the lower court and that's before this court is that this is a continuation and extension of the third offering. They continuously advertise, solicit, process bids for these delinquent land tax properties. And per the statute, they review the bid and they have no discretion in issuing title to the highest bidder. And I know it's in Chapter 140, I'm not sure which subsection it's in, but a subsection in Chapter 140 makes clear that they don't have any discretion. They have to accept the bid that is highest, that will at least satisfy the tax lien on the property. So it's our position that it's not ambiguous. It is a public auction under the plain, ordinary meaning. It's inclusion with short sale while in foreclosure can assist a reasonable person in knowing that they're talking about, not just going on eBay and buying something. And I see my time is up. Thank you. Thank you, Kallis, for the argument. Mr. Canary. Just to take a 30,000 foot overview of what's going on. This is a summary judgment motion. Nationwide has conceded that competitive bidding is required. It's not up to me as the respondent in the summary judgment motion to establish that competitive bidding did not take place. It's up to the proponent nationwide to establish that competitive bidding did take place. They did not. And as a practical matter, we know it doesn't. So as a result, because competitive bidding is required, because therefore there is no public auction, the district court should be reversed. Thank you, counsel, for the argument. Thank both counsel for the argument. Case number 23-2905 is submitted for decision of the court. Ms. Greenwood.